## JOSEPH F. LIGHT *vs.* DORRANCE S. GODDARD.

If the granted premises in a deed are described simply by courses and distances, and without reference to visible monuments, except on one side, where they are bounded on a new open street, and are further described as being lots marked on a plan which is referred to, and on the plan it appears that a considerable number of lots are laid down on one side of the street, and on the opposite side the land is marked " Ornamental Grounds " and " Play Ground," without any designation of how much land is to be so appropriated, there is no implied covenant that any land on the opposite side of the street shall be so appropriated, although the grantor owned the same.

CONTRACT. The declaration alleged that the defendant conveyed to the plaintiff a parcel of land in Worcester, with covenants of warranty that the same was free from incumbrances ;

but that the same was not free from incumbrances, and the owner of land on the opposite side of the street and his heirs and assigns were entitled to have the plaintiff's land kept open as ornamental ground and play ground. The defendant denied that the granted premises were incumbered.

It was agreed in this court that in 1848 the Trustees of the Worcester Academy owned a large tract of land, through which there was a street called Benefit Street, and conveyed to James H. Wall a certain portion of the land on one side of this street by a deed in which the granted premises were described simply by courses and distances, the lines running to " corners," without reference to any visible monuments, except on one side where the premises were bounded on " a new open street three rods in width called Benefit Street." The deed further described the premises as " being the lots marked No. 1, No. 2, No. 5 and No. 6, on the plan on the back of this instrument," and conveyed the right of passing over and using Benefit Street. The plan showed that all the land on that side of the street was divided into lots, while that on the opposite side was not marked by division-lines at all, but one portion was marked " Ornamental Grounds " and another " Play Ground." The land thus marked " Ornamental Grounds " and " Play Ground " afterwards came by mesne conveyances to the defendant, who conveyed the same to the plaintiff, as alleged in the declaration. The trustees assured Wall verbally that the land was to remain open as an ornamental ground and play ground ; and he and some other persons owning land near by have aided in decorating the same with shade trees.

On these facts, judgment was rendered for the defendant, and the plaintiff appealed to the whole court.

*G. F. Hoar*, for the plaintiff. The reference to the plan in the deed amounted to a covenant that the state of things there represented should continue, so far as it was beneficial to the estate granted, and depended on the grantors. *Lewis Street*, 2 Wend. 472. *Livingston* v. *The Mayor, &c. of New York*, 8 Wend. 85. *Wyman* v. *The Mayor, &c. of New York*, 11 Wend. 486. *Cincinnati* v. *White*, 6 Pet. 431. *Trustees of Watertown* v

*Cowen,* 4 Paige, 510.   *Thirty-Second Street,* 19 Wend. 128. *Twenty-Ninth Street,* 1 Hill, 189.   *Thirty-Ninth Street,* Ib. 191. *Parker* v. *Smith,* 17 Mass. 413.   *O'Linda* v. *Lothrop,* 21 Pick. 292.   *Parker* v. *Framingham,* 8 Met. 260.   The designation of the premises on the plan as ornamental ground and play ground, the verbal statements, and suffering the neighbors to ornament the ground with trees, constitute evidence from which a dedication may be fairly inferred.

*F. H. Dewey,* for the defendant, cited *Lunt* v. *Holland,* 14 Mass. 149; *Davis* v. *Rainsford,* 17 Mass. 207; *Magoun* v. *Lapham,* 21 Pick. 135; *Hill* v. *Mowry,* 6 Gray, 551.

BIGELOW, C. J.   The cases cited by the plaintiff, in which it has been held that a right, interest or easement in land, adjacent to that which is conveyed in fee by deed, may pass by way of estoppel under an implied covenant, go no further than to apply the doctrine to grants of land bounded on a road or street, so as to give to the grantee a right of way therein by implication. In these and similar cases it is regarded as a question of intent; and as ways or streets adjoining land, and by which it is bounded, are usually appurtenances, or used to obtain access to the land, the inference is a reasonable one that the grantor intended that the street or way named in the deed should continue open and be for the use of the grantee, so far as it might be beneficial to the estate granted, and was within the power of the grantor to convey.

An attempt is made in the present case to extend this rule of interpretation much further than is warranted by any of the adjudicated cases.   The plaintiff claims under a deed which describes the lots conveyed as laid down on a plan to which reference is made.   Upon inspection of this plan, it appears that these lots are carved out of a large tract of land, the whole of which is divided into numerous lots or parcels, and is fully laid down on said plan.   It also appears that certain other land, which at the time of the grant in question also belonged to the grantors, and which is not immediately adjacent to the lots conveyed, but is separated therefrom by a contemplated street which forms one of the boundary lines of the lots conveyed, is

designated on the plan as " Ornamental Grounds " and as " Play Ground." The contention of the plaintiff is that such designation on the plan referred to in the deed of lands lying in the vicinity of, but not adjacent to, the land granted amounts to a covenant that those grounds shall forever continue to be appropriated and used for the uses and purposes so designated.

We are by no means prepared to adopt as a sound rule of exposition the general proposition on which the argument for the plaintiff rests. We do not think that a mere reference to a plan in the descriptive part of a deed carries with it by necessary implication an agreement or stipulation that the condition of land, not adjacent to, but lying in the vicinity of, that granted, as shown on the plan, or the use to which it is represented on the plan to be appropriated, shall forever continue the same so far as it may be indirectly beneficial to the land included in the deed, and was within the power or control of the grantor at the time of the grant. Certainly no case has been cited which supports so broad a doctrine. But, in the present case, it seems to us to be clear on the face of the deed that the grantors did not intend to convey any such right or privilege as that now asserted by the plaintiff. The lots granted are described by courses and distances only, or by abuttals which were not apparent on the earth's surface at the time the deed was made, with the single exception of the line of Benefit Street. It was necessary, therefore, to refer to the plan in order to designate with accuracy the parcels intended to be conveyed. This purpose is sufficient to account for the reference to the plan, without seeking for other and more remote intentions of the grantor. Besides; the privileges and easements which were designed by the parties to the deed to be appurtenant to the land granted were not left to implication. The right to the use of Benefit Street, which would have passed by implication, that street being one of the boundaries of the land granted, was expressly conveyed by the deed, clearly indicating that the subject matter of the grant, and that which would be useful and beneficial to the enjoyment of the premises or properly appurtenant thereto, were in the minds of the parties, and were expressly defined and limited by the deed

Nor, in seeking for the intention of the parties, is it to be over-looked that the words on the plan from which the plaintiff seeks to derive an implied covenant are of a very vague and indeter-minate character, and that they leave wholly uncertain not only the limits or extent of the land in which a right or privilege is claimed for the grantee, but also the particular portion which is to be appropriated for each of the two purposes designated on the plan. It cannot be reasonably supposed that it was the intent of the parties to convey a right or enter into a covenant for the enjoyment of a privilege or easement which was left wholly undefined, and without any means of ascertaining, by reference to the terms of the grant, the extent of enjoyment to which the grantee and those claiming under him might be enti-tled.                              *Judgment for the defendant*